*1165 OPINION.
Marquette :
It is the contention of the petitioner that in comput-' ing its net income for 1921 it is entitled to deduct* either as a debt ascertained to be worthless and charged off within the taxable year, or as a loss sustained in that year, the amount of $89,152.83 mentioned in the findings of fact. If this contention is well taken the petitioner’s net loss for 1921 as determined by the respondent will be increased by the amount of $89,152.83 and as so increased will wipe out the taxable income for 1922 and result in no deficiency for that year.
The petitioner’s argument is ingenious but not convincing, and we are unable to perceive any merit in its claim. Before a deduction can be allowed on account of a worthless debt it is essential that the existence of a valid debt be established. Luke & Fleming, Inc., 1 B. T. A. 12; Louis Titus, 2 B. T. A. 754; Federal Fuel Co., 3 B. T. A. 814. In the last case cited this Board said:
If the debtor was not legally liable to the taxpayer, then there was no debt to become worthless. It can not become worthless because of inability to establish legally the liability for the debt, for in such a ease there is not an ascertainment of worthlessness of an existing debt, but an ascertainment of the nonexistence of such a debt.
In the instant case the petitioner has wholly failed to prove that there was ever a valid debt due it from the United States. On the other hand the record shows that the United States at no time admitted any liability and that the Court of Claims judicially deter *1166 mined that the petitioner had no valid claim for the amount in controversy, or for any other amount, and that it rendered judgment against the petitioner and dismissed its suit. The petitioner declined to appeal from that judgment and it became final' some time in 1920. The decision of the Court of Claims was the ascertainment of the nonexistence of the debt that the petitioner claims, and is binding upon this Board. It follows that since no debt existed there was nothing to charge off or deduct.
We are also of opinion that the petitioner is not entitled to deduct the amount in question as a loss sustained in 1921. The evidence shows that the petitioner sustained a loss on its construction contract with the United States in the amount of $147,111.88 but it seems clear to us that the entire loss occurred prior to 1921. When the Court of Claims rendered its judgment adverse to the petitioner, and the petitioner declined to appeal therefrom, its claim for any further compensation or payment under the contract became completely and finally adjudicated and foreclosed and the loss on the contract became final and complete at that time, if not before. The fact that the petitioner appealed to Congress does not alter the situation. If Congress had seen fit to give the petitioner any relief it would have undoubtedly been on account of moral, not legal obligations, for if the petitioner had a legal claim against the United States an application to Congress for relief would not have been necessary.

Judgment will be entered for the respondent.